# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **MELINDA HAMILTON,** and ) <br> **KAREN HARDAWAY,** ) <br> Individually and on behalf of all other ) <br> similarly situated current and former employees, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **SCANSOURCE, INC.,** ) <br> a South Carolina Corporation, ) <br> **SCANSOURCE COMMUNICATIONS, INC.,** ) <br> a South Carolina Corporation, and ) <br> **8650 COMMERCE DRIVE, LLC,** ) <br> a Mississippi Limited Liability Company, ) <br> ) <br> Defendants. ) | CASE NO. 3:16-CV-244-MPM-RP <br><br> **FLSA Opt-In Collective Action** <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiffs Melinda Hamilton and Karen Hardaway, individually, and on behalf of all others similarly situated, hereby file their Complaint against ScanSource, Inc., ScanSource Communications, Inc., and 8650 Commerce Drive, LLC, all doing business within this district, and allege as follows:

### I. INTRODUCTION

1. Plaintiff, Melinda Hamilton, was an employee of Defendants at all times relevant to this Complaint.

2. Plaintiff, Karen Hardaway, was an employee of Defendants at all times relevant to this Complaint.

3. This lawsuit is brought against Defendants, as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime compensation for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously were employed by Defendants during all relevant times herein.

4. At all times material to this Complaint, Plaintiffs and class members were employed by Defendants and primarily performed non-managerial job duties during such employment.

5. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiffs and others similarly situated for all overtime hours worked in excess of forty (40) per week during all times material to this Complaint.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants regularly conducted business in this district during all times material to this complaint. In addition, Defendants' wage and hour plans, policies and practices have been administered in this district. Defendants have violated the FLSA in this district during all times material to this Complaint.

## III. CLASS DESCRIPTION

8. Plaintiffs bring this action on behalf of the following similarly situated persons:

All current and former salaried employees of Defendants, classified as "Lead" and "Supervisor" employees, whose primary job duties were non-managerial in nature and who did not supervise 2 or more full time employees of Defendants or equivalent, and who were employed at any of Defendants' facilities located in the United States at any time during the applicable limitations period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "the class").[1]

## IV. PARTIES

9. Defendants ScanSource, Inc. and ScanSource Communications, Inc. are South Carolina corporations with their principal executive offices located in Greenville, South Carolina. They operate a facility in Southaven, Mississippi (at which location Plaintiffs were employed during the relevant period herein) and also operate facilities at other locations throughout the U.S. ScanSource, Inc. and ScanSource Communications, Inc. were an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. § 203(d). According to the Mississippi Secretary of State, Defendants may be served through their registered agent for service of process: Corporate Creations Network, Inc., 232 Market Street, Flowood, Mississippi 39232.

10. Defendant 8650 Commerce Drive, LLC is a Mississippi limited liability company and a wholly owned subsidiary of ScanSource, Inc. 8650 Commerce Drive, LLC was an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. § 203(d). According to the Mississippi Secretary of State, Defendant 8650 Commerce

---

[1] The Plaintiffs reserve the right to amend the Class Description upon the discovery of additional facts.

3

Drive, LLC may be served through its registered agent for service of process: Corporate Creations Network, Inc., 232 Market Street, Flowood, Mississippi 39232.

11. Plaintiffs Karen Hardaway and Melinda Hamilton are adult citizens and previously were employed by Defendants as salaried "Lead" and "Supervisor" employees, respectively, at Defendants' Southaven, Mississippi facility at all times material to this Complaint. Plaintiffs Hamilton and Hardaway's "Consents to Join" this lawsuit are attached as Exhibits A and B, respectively.

12. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating companies that sell technology products and solutions) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

## V. ALLEGATIONS

13. According to Defendants' websites, they are global providers of technology products and solutions and sell only to resellers that specialize in several markets, including automatic identification, data capture and point-of-sales solutions.

14. Defendants have been and/or continue to be "employers" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

15. Plaintiffs and all other similarly situated persons are current or former employees of Defendants and employed during the time material to this Complaint.

16. Defendants employed Plaintiffs and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates that related to them, during all times material to this Complaint.

17. Decisions regarding Plaintiffs' and class members' compensation and other terms of employment were made through a centralized management at Defendants' Headquarters located in Greenville, South Carolina. Defendants had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as "Lead" and "Supervisor" employees.

18. At all times material to this action, Plaintiffs and those similarly situated are/have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

19. At all times material to this action, Defendants have been "enterprises" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

20. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are enterprises in interstate commerce and their employees are engaged in interstate commerce.

21. Defendants have employed Plaintiffs and others similarly situated who were classified as "Lead" and "Supervisor" employees whose primary duties were/are non-managerial in nature and were not paid minimum wages and overtime compensation for all work performed in excess of 40 hours per week during the relevant period herein.

22. Defendants employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of their facilities, including the one located in Southaven, Mississippi.

23. Upon information and belief, Defendants have failed to record the work time of Plaintiffs and other similarly situated employees classified as "Lead" and "Supervisor" employees in their uniform electronic time keeping system for tracking and reporting hours worked at each of their facilities, including the one located in Southaven, Mississippi.

24. Upon information and belief, Defendants have failed to keep complete and accurate time sheets and payroll records of Plaintiffs and other similarly situated employees classified as "Lead" and "Supervisor" employees in any other form or manner.

25. Defendants have failed to pay Plaintiffs and other similarly situated employees classified as "Lead" and "Supervisor" employees minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per week during all times material to this action.

26. Plaintiffs and other similarly situated employees classified as "Lead" and "Supervisor" employees, who have not been paid minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per week during all times material to this action, are entitled to receive all such minimum wages and overtime compensation due to them from Defendants.

27. The net effect of Defendants' plan, policy and practice of not paying Plaintiffs and other similarly situated employees classified as "Lead" and "Supervisor" employees minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll

taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiffs and other members of the class.

28. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when employers fail to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

29. In addition to the misclassification referenced above, Plaintiffs were required to work "off the clock" during the statutory period.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are more than 100 individuals in the class.

33. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class who work (or have worked) for Defendants during the relevant statutory limitations period, were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of Defendants to pay Plaintiffs and other

employees classified as "Lead" and "Supervisor" employee minimum wages and overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week.

34. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were misclassified as exempt employees and due minimum wages and overtime compensation under the FLSA during the relevant period herein.

- Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable minimum wages and overtime compensation for all hours worked in excess of 40 hours per week.

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of any such damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

35. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests

adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

37. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendants.

## COUNT I
## RECOVERY OF MINIMUM WAGES AND OVERTIME COMPENSATION

38. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 37 above, as if they were fully set forth herein.

39. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all relevant times to this Complaint.

40. At all relevant times, Defendants employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

41. At all times relevant, Defendants have had a uniform plan, policy and practice of willfully refusing to pay the federal applicable minimum wage and overtime compensation to

9

Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

42. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay the federal applicable minimum wage and overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

43. At all times relevant, Defendants have not had a good faith basis for their failure to pay the federal applicable minimum wage overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

44. As a result of Defendants' willful failure to pay Plaintiffs and other members of the class the applicable federal applicable minimum wage and overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

45. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Defendants' willful FLSA violations and their lack of good faith in their failure to pay Plaintiffs and the other members of the class the federal applicable minimum wage and overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations period, Plaintiffs and class members are entitled to recover from Defendants unpaid minimum wages and overtime compensation for the aforementioned FLSA violations, an additional equal amount as liquidated damages, and interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class demand judgment, jointly and severally against Defendants and request this Court to grant the following relief against Defendants:

A. A designation of this cause as a collective action on behalf of the class and prompt issuance of notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid minimum wages and overtime compensation to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiffs and other members of the class were misclassified as exempt from overtime compensation and, therefore, entitled to unpaid minimum wages and overtime damages to be proven at trial;

H. A Declaration that Defendants have did not have a good faith basis relating to their FLSA violations and, therefore, willfully violated the FLSA; and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: October 24, 2016                     Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Ryan M. Skertich
Ryan M. Skertich (MS #103289)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile
*rskertich@glankler.com*

&

Gordon E. Jackson* (TN BPR #08323)
James L. Holt, Jr.* (TN BPR #12123)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON SHIELDS YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Pro Hac Vice* Admission Anticipated

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*